UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 7 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| **LUXOTTICA GROUP S.p.A.**, an Italian corporation | PLAINTIFF |
| v. | |
| **QUICK RETAIL SERVICES LLC**, an Arkansas limited liability company, and **FARAZ ZAMEER**, individually | CASE NO.: 2:25-cv-14-BSM<br><br>DEFENDANTS |

## COMPLAINT

COMES NOW Plaintiff, Luxottica Group S.p.A. (Luxottica Group), through its undersigned counsel, and for its causes of action against the Defendants Quick Retail Services, LLC d/b/a Brinkley Exxon, and Faraz Zameer, individually (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. This lawsuit arises from the violation of the Luxottica Group's intellectual property rights by Defendants' ongoing promotion and sale of sunglasses bearing counterfeits of Luxottica Group's federally registered Ray-Ban trademarks (the "Counterfeit Merchandise"). Through this action, Luxottica Group seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

This case assigned to District Judge __Miller__
and to Magistrate Judge __Moore__

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. §§ 1114 (the "Lanham Act"). The Court has pendent jurisdiction over Luxottica Group's related common law claim pursuant to 28 U.S.C. §§ 1338 and 1367(a) as the asserted state law claim is substantially related to the claim arising under the trademark laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Luxottica Group's trademarks in this Judicial District.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5. Defendant, Quick Retail Services LLC (hereinafter "Brinkley Exxon") is an Arkansas limited liability company registered and authorized to do business in the State of Arkansas. Defendant Quick Retail Services, LLC operates an Exxon branded gas station and convenience store located at 1414 N. Main Street, Brinkley, Monroe County, AR 72021. Defendant Quick Retail Service LLC operates under the trade name "Brinkley Exxon". As alleged herein, Defendant Brinkley Exxon is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

6.      Defendant Faraz Zameer ("Zameer") is a resident of Pulaski County, Arkansas. Zameer is the owner, officer, manager and director of Defendant Brinkley Exxon and the moving force behind that entity's operations and infringing activities.

## FACTUAL ALLEGATIONS

A.      **The World-Famous Luxottica Brands and Products.**

7.      Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8.      Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9.      Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Arkansas.

10.     Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

11.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively

associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group and have acquired strong secondary meaning.

12. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | *Ray-Ban* | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 2,971,023 | *RB* | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

13. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and incontestable.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

4

14. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendants' Infringing Activities.**

17. On November 26, 2024, Luxottica Group's investigator visited Defendants' gas station convenience store located at 1414 N. Main Street, Brinkley, AR 72021. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale numerous sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Trademarks.

18. Luxottica Group's investigator purchased two pairs of Ray-Ban branded sunglasses for a total of $29.99 each, one pair of Gucci branded sunglasses and a bottle of Gatorade. Photographs of the Ray-Ban branded sunglasses purchased on that day, along with the sales receipt are depicted below:










19.     Luxottica Group subsequently inspected the Ray-Ban branded sunglasses purchased from Defendants on November 26, 2024, and determined that the Ray-Ban Trademarks affixed to the sunglasses are either incorrect or inconsistent with the Ray-Ban Trademarks found on similar products bearing authentic Ray-Ban Trademarks.

6

20. Luxottica Group also determined that the item purchased from Defendants infringed one or more of the Ray-Ban Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban Trademarks.

21. Luxottica Group did not manufacture or authorize any third party to manufacture any of the Ray-Ban branded products that were being offered for sale and sold by the Defendants as identified herein.

22. Defendants have no license, authority, or other permission from Luxottica Group to use the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

23. Defendants have used Luxottica Group's Ray-Ban Trademarks without authorization and without compensation to Luxottica Group.

24. The forgoing acts of the Defendants constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

25. Defendant Zameer was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore, he was a direct participant in the infringing activities alleged herein.

26. By facilitating and participating in the counterfeiting activities at Brinkley Exxon, Defendant Zameer has acted with reckless disregard for, and in bad faith and with willful blindness toward Luxottica Group and its Ray-Ban Trademarks.

27. Defendant Zameer has and continues to have the right and ability to supervise the infringing conduct of Brinkley Exxon and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning Brinkley Exxon's unlawful activities.

28. The forgoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by the Defendants are authentic or authorized products of Luxottica Group.

29. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

30. Defendants are aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

31. Defendants' knowing and deliberate hijacking of Luxottica Group's famous marks, and advertising and sale of the Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban Trademarks.

32. The harm being caused to Luxottica Group is irreparable and Luxottica Group does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

33. Luxottica Group also seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Trademarks.

## COUNT I
## (15 U.S.C. § 1114)
## (Trademark Infringement)

34. Luxottica Group repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of Luxottica Group's Ray-Ban Trademarks.

36. Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Trademarks without Luxottica Group's permission and without any compensation to Luxottica Group.

37. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

38. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

39. Through their unlawful actions, Defendants have also been unjustly enriched at the expense of Luxottica Group.

40. Defendants have directly and willfully infringed Luxottica Group's Ray-Ban Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
### (Common Law Trademark Infringement)

41. Luxottica Group repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

42. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of Luxottica Group's Ray-Ban Trademarks.

43. Defendants' unauthorized use of counterfeit imitations one or more of Luxottica Group's Ray-Ban Trademarks in a manner that is confusingly similar to Luxottica Group's Ray-Ban Trademarks constitutes trademark infringement in violation of the common law of the State of Arkansas.

44. By reason of Defendants' acts of trademark infringement, Luxottica Group has suffered and will continue to suffer irreparable injury to the goodwill associated with Luxottica Group's Ray-Ban Trademarks.

45. The aforementioned acts constitute common law Arkansas trademark infringement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants Quick Retail Services LLC and Faraz Zameer, jointly and severally, as follows:

A.  Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B.  Finding that: Defendants have willfully infringed the rights of Luxottica Group in their Ray-Ban Trademarks in violation of Arkansas common law;

C. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with Defendants from:

1. importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban Trademarks or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in its trademarks;

2. engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group;

D. Requiring Defendants to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group, or is related in any way with Luxottica Group and/or its products;

F. Awarding Luxottica Group statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

G. Awarding Luxottica Group its costs, investigatory fees, and expenses;

H.     Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Defendant; and

I.     Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 27, January 2025.

                Respectfully submitted,

                Luxottica Group S.p.A., Plaintiff

By:    /s/ T. Martin Davis
        T. Martin Davis (ABN 82050)
        DAVIS LAW FIRM
        212 Center Street, 10th Floor
        Little Rock, Arkansas 72201
        (501) 374-1229 Telephone
        (501) 374-5463 Fax
        Email: tmartind@swbell.net

-and-

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Luxottica Group S.p.A.*

4930-8825-1407, v. 3